DENNIS, Justice.
Defendant was charged by indictment with second degree murder in violation of La.R.S. 14:30.1. He first pleaded not guilty to the charge, but later was allowed to withdraw that plea and to plead guilty to the lesser included offense of man *223 slaughter. The plea was accompanied by the usual Boy km examination, and the record indicates that defendant understood and waived his right against self-incrimination, his right to trial by jury and his right to confront witnesses against him.
On the basis of his guilty plea, defendant was sentenced to serve twenty-one years at hard labor. No objections were made during the proceedings.
Defendant urges only one specification of error in this appeal. He argues that La.C.Cr.P. art. 920, limiting a defendant to appeals based on error designated in the assignment of errors and errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence, restricts a defendant’s right of appeal established by La.Const.1974 art. I, § 19, which provides:
“No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.”
However, the State correctly points out that we cannot reach this issue because of the defendant’s guilty plea. Under our jurisprudence established before the adoption of the Louisiana Constitution of 1974, a plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Coats, 260 La. 64, 255 So.2d 75 (1971). Recently, in State v. Spain, La., 329 So.2d 178, decided February 23, 1976, we sustained this jurisprudential rule against an attack based upon Article I, § 19 of the Louisiana Constitution of 1974. In that case we held that a defendant’s plea of guilty constitutes an intelligent waiver of appellate review of the merits of the prosecution’s case against him.
We have reviewed the record for jurisdictional defects appearing on the face of the pleadings and proceedings and have found none.
Accordingly, defendant’s conviction and sentence are affirmed.