900 So.2d 948 (2005)
STATE of Louisiana
v.
Christopher KENNER.
No. 2004-KA-1809.
Court of Appeal of Louisiana, Fourth Circuit.
March 23, 2005.
*949 Eddie J. Jordan, Jr., District Attorney, Battle Bell IV, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
*950 Suzanne S. Dickey, Proskauer Rose, L.L.P., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
Defendant, Christopher Kenner (hereinafter "Mr. Kenner"), was indicted by the grand jury charging him with aggravated rape, a violation of La. R.S. 14:42, and aggravated kidnapping, a violation of La. R.S. 14:44, to which Mr. Kenner plead not guilty. Subsequently, Mr. Kenner filed a motion to suppress, which ultimately was denied. Mr. Kenner then filed a motion and order to draw and ship blood to a DNA identification expert which was granted by the district court. The State filed a motion to type Mr. Kenner's blood and an order was reissued by the district court to draw the blood needed for the typing. The defense again filed a motion and order to draw and ship blood to a DNA identification expert and the motion was granted. The state amended the indictment to La. R.S. 14:43, simple rape, and La. R.S. 14:45, simple kidnapping. Mr. Kenner then pled guilty as charged under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). He was sentenced to serve five years at hard labor on each count. Both sentences were suspended, and Mr. Kenner was placed on five years of active probation to run concurrently.
Several years later, Mr. Kenner filed a motion for a valid sentence pursuant to La.C.Cr.P. art. 872 that the court interpreted as an application for post-conviction relief. Relator was appointed counsel and the state was ordered to file a response. The state filed a response and following a hearing, the district court granted relator's application for post-conviction relief, and the State was granted an appeal from the district court's ruling. The defense filed a motion to supplement the record on appeal. This court granted defenses motion because the State filed no objections to the motion.

STATEMENT OF FACT
Because no trial occurred, the facts of the case are unavailable.

DISCUSSION
There is no right of appeal from a judgment granting post-conviction relief. Rather, the proper procedure for this claim is by application for supervisory writ. La.C.Cr.P. art. 930.6 provides in pertinent part:
B. If a statute or ordinance is declared unconstitutional, the state may appeal to the Supreme Court. If relief is granted on any other ground, the state may invoke the supervisory jurisdiction of the court of appeal.
Accordingly, the State's remedy was to file a writ of review invoking this Court's supervisory jurisdiction. Therefore, under our supervisory jurisdiction, we convert this appeal to a writ application.
In the "motion for a valid sentence pursuant to La.C.Cr.P. art. 872," Mr. Kenner argues that his guilty plea cannot be deemed voluntary and intelligently entered when the State withheld exculpatory evidence that may have shown that he was not the perpetrator of the crimes.[1] This evidence consists of two laboratory reports.
*951 In an unrelated criminal matter, relator's blood and saliva were tested and he was found to be a group "O" secretor. This crime laboratory report was made part of the district attorney's file in the instant case.
The victim in the case sub judice was shown to be a group "B" secretor. Also, tests performed on various samples containing seminal fluid showed the presence of group "B" secretor activity. Because no group "O" secretor activity was noted in the crime laboratory report, Mr. Kenner argues and has consistently maintained that he is innocent.
The State first argues that the district court erred in considering Mr. Kenner's claim because by entering a guilty plea, he waived all defects prior to that plea except for those jurisdictional defects that appear on the face of the pleadings. State v. Bell, 332 So.2d 222 (La.1976). Although an exception exists in instances such as State v. Crosby, 338 So.2d 584 (La.1976), in which a defendant preserves pretrial errors for review, here the state argues that Mr. Kenner failed to qualify his plea as such.
Mr. Kenner entered an Alford plea. This Court discussed this type of plea in State v. Jackson, 01-1268 (La.App. 4 Cir. 2/6/02), 809 So.2d 1127:
In Alford, the court resolved the issue of whether a guilty plea can be accepted when it is accompanied by protestations of innocence. Finding no new test for determining the validity of guilty pleas, the court stated that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969) . . ." Id., 91 S.Ct. at 164 (additional citations omitted). The Alford court found that because of the strong factual basis for the plea and "Alford's clearly expressed desire to enter it despite his professed belief in his innocence," the trial judge did not commit constitutional error in accepting the plea. Id., 91 S.Ct. at 168. A defendant's decision to plead guilty when confronted with the choice between a trial, knowing that the evidence substantially negates his claim of innocence, and a plea of guilty, which limits the maximum penalty he may receive, has been called a "best interests plea," or simply an "Alford plea." An appellate court's responsibility in judging the validity of an "Alford plea" is to assess whether the plea was intelligently entered based on how strongly the record evidences guilt.
Jackson, pp. 5-6, 809 So.2d at 1130-31.
During the guilty plea colloquy, no discussion occurred regarding the evidence in the state's possession; although a hearing on a motion to suppress the identification by the victim was held. What is clear is the fact that the lab reports on the specimens tested in conjunction with this case failed to mention the presence of group "O" secretor activity. Also evident is the fact that the state withheld evidence that the defendant is a group "O" secretor. Because evidence existed that may have shown that he was not the perpetrator of the crimes, his claim that his Alford plea was not intelligently entered has merit.[2] Thus, by this claim, the State has not shown that the district court abused its discretion in granting relief.
Second, the State argues that defendant's claim was barred by the prescriptive period of La.C.Cr.P. art. 930.8. However, the article provides exceptions to *952 the time period established. Applicable here is the following exception:
(A)(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
Some ambiguity exists as to when Mr. Kenner received the district attorney's file. As the record reflects, he filed his motion for a valid sentence pursuant to La.C.Cr.P. art. 872 on February 17, 2004. Mr. Kenner does not state when he either first requested or received the district attorney's file, and the only correspondence from the district attorney's office is dated May 19, 2004. Based on this correspondence, we conclude Mr. Kenner was sent the file at that time. As a result, there is no dispute that Mr. Kenner did not obtain the district attorney's file before the Article 930.8 prescriptive period ran. Despite this, the Louisiana Supreme Court issued a per curiam in Carlin v. Cain, 97-2390 (La.3/13/98), 706 So.2d 968, in which it explicitly stated that La.C.Cr.P. art. 930.8(A)(1) imposes no due diligence requirement on an inmate. The court stated that, instead of a lack of due diligence, only the "laches-like provisions of La. C.Cr.P. art. 930.8(B)" bars consideration of an application.[3]
The State does not deny that it withheld the evidence; nor, does it argue that it has been prejudiced by the lateness of the application. Thus, the application is not time-barred.
In its third claim, the State argues that the withheld evidence was not exculpatory and that Mr. Kenner failed to provide proof showing otherwise at the evidentiary hearing conducted on his claim. Therefore, the State avers that Mr. Kenner failed in his burden of proof. La.C.Cr.P. art. 930.2.[4]
The due process clause of the Fourteenth Amendment to the United States Constitution requires the disclosure upon request of evidence which is favorable to the accused when the evidence is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This rule has been expanded to include evidence which impeaches the testimony of a witness where the reliability or credibility of the witness may be determinative of guilt or innocence. Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The Brady rule is based on due process of law. "[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial, that is, evidence favorable to the defendant which is material to guilt or punishment." State v. Rosiere, 488 So.2d 965, 970 (La.1986). The test for determining materiality was first established in United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). In Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), the Supreme Court outlined the considerations for determining whether allegedly-suppressed evidence is material; these factors were discussed by the Louisiana *953 Supreme Court in State v. Marshall, 94-0461 (La.9/5/95), 660 So.2d 819:
The issue is whether the exculpatory evidence is material under the Brady-Bagley-Kyles line of cases. Evidence is material only if it is reasonably probable that the result of the proceeding would have been different had the evidence been disclosed to the defense. A reasonable probability is one which is sufficient to undermine confidence in the outcome. [United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)]. [The reviewing court] must provide a cumulative evaluation of the suppressed evidence, keeping in mind that [the defendant] does not have to show that, with the addition of the suppressed evidence, his trial would have resulted in acquittal or that there would be an insufficiency of the evidence to support a conviction. [The defendant] need only show that "disclosure of the suppressed evidence to competent counsel would have made a different result reasonably probable." Kyles, 115 S.Ct. at 1569.
State v. Marshall, 94-0461, pp. 19-20.
The state withheld evidence that Mr. Kenner was entitled to have. Experts, whose testimony is often complex, would have been required at trial to explain to the jury whether Mr. Kenner's classification as a Group "O" secretor would have included or excluded him as a possible suspect in the crimes. The jury would have been given the opportunity to weigh this evidence along with other evidence that the state may have produced to determine Mr. Kenner's culpability. Again, Mr. Kenner does not have to show that he would have been acquitted had he been privy to the withheld evidence. Instead, he must only show that a different result was reasonably probable. Mr. Kenner met his burden. The district court did not abuse its discretion in granting relief.

CONCLUSION
This appeal is converted to a writ application under this court's supervisory jurisdiction. The trial court's ruling granting post-conviction relief is affirmed.
APPEAL CONVERTED TO A SUPERVISORY WRIT APPLICATION; WRIT DENIED.
NOTES
[1] The defendant simultaneously filed a motion to withdraw his guilty plea in which essentially the same arguments are made. Both pleadings along with lab reports are contained in the supplement filed by the defense.
[2] The defendant indicates that he entered his Alford plea because he would be released.
[3] Article 930.8(B) provides in pertinent part that if the application is permitted under an exception to the prescriptive period, it shall be dismissed if the State shows it has been materially prejudiced in "its ability to respond to, negate, or rebut the allegations of the petition by events not under the control of the state since the date of original conviction. . . ."
[4] La. C. Cr. P. art. 930.2 provides: The petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted.