987 So.2d 271 (2008)
STATE of Louisiana
v.
James E. AUGUSTINE.
No. 08-KA-71.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 2008.
*272 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Roger W. Jordan, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Gwendolyn K. Brown, Attorney at Law, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
The defendant, James E. Augustine, appeals from his conviction by guilty plea of a second offender with the possession of cocaine, in violation of LSA-R.S. 40:967. Appellate counsel filed an Anders brief, asserting that there re no non-frivolous *273 issues for appeal. We affirm the conviction and sentence, and grant appellate counsel's motion to withdraw as attorney for the Defendant, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

ANDERS APPEAL
Defense counsel has filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 759, 145 L.Ed.2d 756 (2000), the United States Supreme Court recently held that "the Anders procedure is merely one method of satisfying the requirements of the Constitution for indigent criminal appeals." In Smith, the court held that California's procedure, enunciated in People v. Wende, 25 Cal.3d 436, 441-442, 158 Cal.Rptr. 839, 600 P.2d 1071, XXXX-XXXX (1979), was not unconstitutional merely because it diverged from the Anders procedure. 120 S.Ct. at 759.
The Anders procedure used in Louisiana was discussed in State v. Benjamin, 573 So.2d 528, 529-530 (La.App. 4 Cir.1990), approved by the Louisiana Supreme Court in State ex rel. Hawkins v. Criminal Dist. Court, 92-3200 (La.11/30/93), 629 So.2d 421, 421, adopted for use in this Circuit in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242.
To comply with Jyles, appellate counsel not only must review the procedural history of the case and the evidence presented at trial, but also the appellate counsel's brief must contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, supra, at 242 (quoting State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177).
Defendant's appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal and has filed a Motion to Withdraw as counsel. She has informed defendant of this by letter, and has advised defendant of his right to file a supplemental brief. Defendant has not filed a supplemental brief.
The Jyles court held it insufficient for defense counsel to make a mere "naked" statement that there were no non-frivolous issues, as follows:
Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.... Independent review of the record by the appellate court, or the opportunity of the defendant to file his own brief, while providing important and necessary safeguards, cannot substitute for the essential equal protection requirement that appointed counsel representing an indigent defendant "act in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae." [Citations omitted.] State v. Jyles, 96-2669, pp. 2, 3 (La.12/12/97), 704 So.2d 241, 242.
Here, defense counsel asserts she has thoroughly reviewed the record herein for the purpose of uncovering non-frivolous issues which might support the appeal but has found none. The District Attorney asserts they have done the same, and have found no issues for appeal. Defense counsel further asserts there are no errors patent.
*274 This Court has made a full examination of all the proceedings, consisting of the following: (1) review of the bill of information to insure that defendant was properly charged; (2) review of all minute entries to insure that defendant was present at all crucial stages of the proceedings and that the conviction and sentence are legal; (3) review of all the pleadings in the record; and (4) review of all the transcripts to determine if any ruling provides an arguable basis for appeal.
After an independent review of the record and of appellate counsel's brief, it appears that with the exception of a full error patent review, appellate counsel has adequately reviewed the procedural history of the case, has thoroughly discussed the constitutional adequacy of the plea, and provided "a detailed and reviewable assessment for both defendant and the appellate court of whether the appeal is worth pursuing in the first place," as required by the Louisiana Supreme Court in Jyles. See also, State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177.

FACTS
At defendant's August 14, 2007 suppression hearing, the following testimony was elicited:
Deputy Dominic Rodi of the Kenner Police Department testified that at 10:20 a.m. on April 12, 2007, he and a recruit-in-training were on patrol in a marked police vehicle. On the 2600 block of Tupelo in Kenner, Louisiana, a "concerned citizen" flagged down the officers and reported that there were some men "`smoking weed'" in a nearby vehicle. Deputy Rodi testified that he saw three subjects sitting inside of a parked car at 2635 Tupelo. When Rodi and his trainee approached the vehicle on foot, three men, including defendant, exited and began walking in different directions. Based on previous experience, Rodi believed the parked vehicle might be stolen, so he detained the men for investigatory purposes.
Rodi testified that he smelled a strong odor of marijuana emanating from the vehicle. He looked into the car without entering it and saw, on the center console, green vegetable matter in a clear plastic wrapper; a hand-rolled cigar containing green vegetable matter; and off-white, rock-like objects. Rodi retrieved those items from the car and handcuffed the three subjects. Crime scene investigators were called to the scene to perform field tests. The field test results indicated that the items found in the car were positive for cocaine and marijuana. Defendants were then transported to lockup facilities in Kenner.
Upon his arrival at lockup, Deputy Keenan Jackson processed Mr. Augustine. Jackson testified it is department protocol to strip search anyone arrested on narcotics charges. Jackson took the defendant to the room where drug searches are done, and had him remove his clothing. Jackson testified that Mr. Augustine told him he had drugs concealed on his person. The officer instructed Mr. Augustine to bend at the waist and spread his buttocks apart so that he could perform a cavity search. In the defendant's body cavity, Jackson found a plastic bag containing green vegetable matter and off-white rock-like objects.
On May 3, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant, James Augustine, with possession of cocaine. LSA-R.S. 40:967 C. The Defendant was arraigned on May 4, 2007, and pled not guilty. James Augustine filed various pre-trial motions, including a "Motion to Suppress Confession, Identification, and Physical Evidence." On August 14, 2007, the trial court heard and denied the defendant's motion to suppress evidence.
*275 On September 17, 2007, the trial court advised the defendant of his Boykin rights. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). James Augustine indicated he understood those rights, and that he wished to waive them and enter a plea of guilty to the offense of possession of cocaine. The plea was entered without a reservation of his right to appeal the trial court's denial of his motion to suppress. Further, the plea was entered pursuant to a plea agreement in which it was agreed that the defendant would receive a sentence of two and one half years at hard labor. It was acknowledged at the time that the plea was entered that the plea agreement did entail an understanding that the state would seek to have Mr. Augustine adjudicated as a second felony habitual offender. In accordance with a plea agreement, the trial court sentenced defendant to two and one-half years at hard labor. The court ordered that the sentence be served concurrently with defendant's sentences in three other cases.
On September 17, 2007, the State filed a habitual offender bill of information alleging that James Augustine was a second felony offender. On that day the trial court advised the defendant of his right to a multiple bill hearing and his right to remain silent. James Augustine waived those rights and entered a plea of guilty to the habitual offender bill. The trial court vacated James Augustine's original sentence; and, in accordance with a sentencing agreement, imposed an enhanced sentence of two and one-half years at hard labor. It was ordered that the sentence be served concurrently with the defendant's sentences in three other cases. On that same date, the trial court informed Mr. Augustine of the time delays for filing an appeal and for filing an application for post-conviction relief. Additionally, the trial court informed Mr. Augustine that he was waiving his right of appeal by entering his plea of guilty.
On October 12, 2007, James Augustine filed a timely pro se motion for appeal. On October 24, 2007, the trial court issued an order granting the defendant's motion. The Clerk of Court of this Court notified the defendant by certified letter dated March 4, 2008, that his appointed counsel filed an Anders brief on his behalf, and that he would have until March 31, 2008 to file a pro se supplemental brief. As of this time, defendant has not filed a supplemental brief.

DISCUSSION
The bill of information in this case properly charged the defendant. As required, the bill of information plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies the defendant and the crimes charged. See generally, La. C.Cr.P. arts 464-66, 473. Thus, the bill of information presents no non-frivolous issues supporting appeal.
As reflected by the minute entries, the defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, his sentencing, and his multiple offender hearing. As such, the matter of the defendant's presence likewise does not present any issue which would support an appeal.
The record does not reveal any irregularities in the defendant's guilty plea. Once a defendant is sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to *276 enter the plea by a plea bargain whose terms are not fulfilled. Id.
The trial court explained to Mr. Augustine that he had a constitutional right to a jury trial, the right against self-incrimination, and the right to confront witnesses. The judge ascertained that Mr. Augustine understood his rights, and that he was waiving them knowingly and voluntarily. The court explained that the decision to plead guilty was Mr. Augustine's alone, and inquired whether he was entering the plea of his own volition. It was required that the state provide a factual basis for its charges against Mr. Augustine and explained that, by entering the plea, Mr. Augustine was waiving his right to appeal. Further, the court informed him of the sentencing range for the offense with which he was charged. Defendant received a careful explanation of the specific sentence the court was going to impose, as well as the fact that the State would be proceeding with a habitual offender bill of information. Based on the foregoing, the proceedings surrounding defendant's plea of guilty does not present any non-frivolous appealable issues.
As to the habitual offender bill, the trial court properly explained to the defendant his rights pursuant to a guilty plea. The court explained that, by pleading guilty, the defendant was giving up his right to have a hearing where the District Attorney would have to prove that he was the same person as the prior felony, that the time period between the completion of the sentence for the listed prior felony and the date of the crime for the more recent conviction is ten years or less, and that the prior conviction was part of a guilty plea. It was also explained he was relinquishing his right to remain silent. The defendant indicated he understood his rights, and that he wished to waive a habitual offender hearing and stipulate to his status as a habitual offender.
The sentence imposed by the trial court also fails to support an appeal. A defendant who pleads guilty normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea. State v. Doussan, 05-586, p. 16 (La.App. 5 Cir. 2/14/06), 924 So.2d 333, 334, writ denied, 06-0608 (La.10/13/06), 939 So.2d 372. The defendant could have reserved his right to appeal the trial court's denial of his motion to suppress evidence under State v. Crosby, 338 So.2d 584 (La.1976). Here, the defendant did not reserve his right to appeal the trial court's ruling under Crosby. Id. As provided by Article 881.2 A(2) of the Louisiana Code of Criminal Procedure "[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." A defendant is thus precluded from raising a claim of excessiveness on appeal when the imposed sentence is the product of a plea agreement. State v. Jones, 05-840, p. 14 (La.App. 5 Cir. 3/28/06), 927 So.2d 514, 528.
James Augustine's original and habitual offender sentences were imposed in conformity with his plea agreement. The sentencing range for possession of cocaine at the time of the defendant's offense was zero to five years, with or without hard labor. LSA-R.S. 40:967 C. As a second felony offender, the defendant was exposed to a sentencing range of two and one-half years to 10 years. LSA-R.S 15:529.1 A(1)(a); LSA-C.Cr.P. art. 967 C. Because both sentences are within the sentencing ranges and the sentences were imposed pursuant to a plea agreement, it does not appear that the sentences present a non-frivolous issue to raise on appeal.
James Augustine's appellate counsel points out that, during the habitual offender proceedings, the trial court advised the *277 defendant of the sentencing range to which he was exposed as a second felony offender, and that he would receive an enhanced sentence of two and one-half years. But, the court failed to explain that the defendant's enhanced sentence would be served without benefit of probation or suspension of sentence in accordance with LSA-R.S. 15:529.1 G. The court subsequently imposed the habitual offender sentence without benefit of probation or suspension of sentence. As appellate counsel notes, this is not an error that requires corrective action. When the judge advised the defendant that he would serve two and one-half years at hard labor, the defendant was put on notice that he would not receive a suspended sentence or be placed on probation. He received the sentence to which he had agreed.
Because James Augustine's appellate counsel demonstrates by full discussion and analysis in her brief that she has reviewed the trial court proceedings and cannot identify any non-frivolous basis for appeal, and an independent review of the record supports counsel's assertion, the Court finds that defendant's conviction and sentence are affirmed and appellate counsel's motion to withdraw as attorney of record is granted.

ERROR PATENT DISCUSSION
The Defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The review reveals no errors patent in this case.
AFFIRMED; MOTION TO WITHDRAW IS GRANTED.