JUDE G. GRAVOIS, Judge.
12Pefendant Wilbert Matthews applied for an out-of-time appeal, seeking to withdraw his guilty plea to one count of aggravated rape of a child, a violation of LSA-R.S. 14:42. On appeal, he argues that he pleaded guilty in order to avoid the death penalty, a punishment that has since been found unconstitutional by the United States Supreme Court. He also argues that his life sentence is excessive. For the following reasons, we affirm defendant’s conviction and sentence.

PROCEDURAL HISTORY

On March 29, 2007, the Jefferson Parish Grand Jury issued an indictment charging defendant, Wilbert Matthews, with aggravated rape of a child under the age of 13 years, a violation of LSA-R.S. 14:42. Defendant was arraigned on March 30, 2007 and pled not guilty.
|sDefendant filed a motion to appoint a sanity commission, which the district court granted. On June 11, 2007, the parties stipulated to the sanity commission’s report, and the district court found defendant competent to stand trial.
On September 19, 2007, defendant withdrew his not guilty plea and pled guilty as charged. The district court then sentenced him to the mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence. The district court granted defendant an out-of-time appeal.

FACTS

Since there was no trial in this matter, the pertinent facts relating to the charged offense must be gleaned from the indictment, which alleged that on or between June 1, 2003 and August 31, 2004, defendant committed aggravated rape upon a known juvenile whose date of birth was May 21,1992.

ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues that he should be allowed to withdraw his guilty plea. He argues that he pled guilty in order to avoid a possible death sentence. Since his guilty plea, the United States Supreme Court has declared that the Eighth Amendment prohibits the death penalty for aggravated rape where the offense did not result, and was not intended to result, in the victim’s death. Kennedy v. Louisiana, - U.S. -, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008). Defendant argues that the inducement for his guilty plea has been eliminated and it would be fundamentally unfair to allow his plea to stand.[1]
*1100 | /fhe State responds that defendant was never exposed to the death penalty, pointing out that the indictment listed the offense as a “class II” felony.[2] The State argues the record is devoid of any evidence that defendant was induced to plead guilty due to threats of a death sentence. In any case, the State argues, defendant’s guilty plea was knowing and voluntary, and was otherwise legally sound.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. LSA-C.Cr.P. art. 559A. Once a defendant has been sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn, and then only by appeal or post-conviction relief. State v. McCoil, supra. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin[3] colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain and that bargain is not kept. State v. Dixon, supra; State v. McCoil, supra. Defendant does not suggest that his guilty plea is constitutionally infirm for any of those reasons. Moreover, an inspection of the record does not reveal such a deficiency.
At the time of defendant’s guilty plea, the district court advised him of the three Boykin rights: the right to a jury trial, the right of confrontation, and the privilege against self-incrimination. Defendant indicated he understood those rights and the consequences of pleading guilty. The court further explained that the penalty for the charged offense was life imprisonment without benefit of parole, probation, or suspension of sentence. Defendant indicated that he had discussed the matter with his attorney, and that he understood the nature of the charge against him and the possible penalty. Defendant and his attorney also | r,completed a waiver of rights form that explained defendant’s rights and his sentencing exposure. Defendant signed the form, indicating he understood the terms of the guilty plea.
Even assuming defendant pled guilty in order to avoid the death penalty, an assertion that the record does not support,[4] the Supreme Court’s holding in Kennedy is not a valid basis for withdrawing his plea. The Louisiana Supreme Court has held that “an otherwise valid plea of guilty is not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crime charged.” State v. Bouie, 00-2934, p. 9 (La.5/14/02), 817 So.2d 48, 53, quoting State v. Compton, 367 So.2d 844, 847 (La.1979). See also, State v. Kron, 07-1024, p. 9 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, 122, writ denied, 08-0813 (La.10/24/08), 992 So.2d 1039.
*1101 In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the defendant pled guilty to a federal kidnapping charge in order to avoid the death penalty. Years later, the death penalty provision of the pertinent statute was declared unconstitutional. The defendant attacked the validity of his earlier guilty plea on that basis. The United States Supreme Court rejected the defendant’s argument, stating:
A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State’s case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, ... a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant’s lawyer correctly | fiadvised him with respect to the then existing law as to possible penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered.
Brady, 397 U.S. at 757, 90 S.Ct. at 1473.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWO

Defendant complains that the life sentence he received was excessive in that the district court failed to consider mitigating factors or to tailor the sentence to fit the offense. The State counters that defendant is not entitled to challenge his sentence on appeal, since it was part of a plea agreement.
It is well settled that a defendant is precluded from raising a claim of exces-siveness on appeal when the imposed sentence is the product of a plea agreement. LSA-C.Cr.P. art. 881.2 A(2); State v. Augustine, 08-71, p. 9 (La.App. 5 Cir. 5/27/08), 987 So.2d 271, 276. Thus, defendant is not entitled to review of his sentence for excessiveness. In any case, defendant’s sentence was the mandatory minimum under LSA-R.S. 14:42 D. Moreover, the court noted that it had taken into consideration the provisions of LSA-C.Cr.P. art. 894.1, pertaining to sentencing guidelines.
Accordingly, we decline to consider the merits of defendant’s sentencing claim.

ERRORS PATENT

The record was reviewed for errors patent.[5] The review reveals no errors patent in this case.
^Accordingly, defendant’s conviction and sentence are affirmed.

AFFIRMED.

. Defendant did not file a motion to withdraw his guilty plea in the district court. But a defendant's failure to make a formal motion to withdraw a guilty plea does not prohibit a *1100 reviewing court from setting aside a constitutionally infirm guilty plea. State v. Dixon, 449 So.2d 463, 464 (La.1984); State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

.The record does not define "class II” felony, but this court understands that the Jefferson Parish District Attorney defines "class II” felonies as those for which there is a mandatory sentence of hard labor, such as second degree murder, armed robbery, rape, and certain vice cases. A "class I” felony is one for which defendant faces a possible sentence of death.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Although, as the State points out, the indictment lists the aggravated rape charge as a class II felony, there is no other indication in the record whether or not the State intended to pursue the death penalty if defendant chose to go to trial. The record is devoid of evidence that the State ever filed a notice of intent to seek the death penalty. See, for example, State v. Fuller, 31,127 (La.App. 2 Cir. 6/25/03), 850 So.2d 909.

. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Welland, 556 So.2d 175 (La.App. 5 Cir.1990).