SUSAN M. CHEHARDY, Judge.
12Pefendant appeals his conviction and sentence, and counsel for appellant moves to withdraw from this matter. For the reasons that follow, we affirm defendant’s conviction and sentence. Lastly, we grant counsel’s motion to withdraw.

Facts and Procedural History

Because the defendant entered guilty pleas and there was no trial, the record contains minimal facts about the offense. During the guilty plea colloquy, however, the prosecutor presented the factual basis for the plea by stating that on February 18, 2010, defendant “knowingly and intentionally committed a violation of Louisiana Revised Statute 14:69 and that he did intentionally possess, procure, receive, or conceal the 1997 Dodge Intrepid belonging to one Mohamen Benmohamed, valued at over $500.00” which “defendant knew or had good reason to believe that the said property was subject to one of [a theft or robbery that] occurred in Jefferson Parish.”
On April 9, 2010, the Jefferson Parish District Attorney filed a bill of information charging Larry Williams with illegal possession of stolen things valued at over $500.00, in violation of La. R.S. 14:69. On June 18, 2010, ^defendant entered a plea of guilty as charged pursuant to a plea agreement. For possession of illegal things valued over $500.00, the trial judge sentenced defendant to five years at hard labor and ordered defendant to pay $135.00 in restitution.
That same day, the State filed a bill of information alleging that defendant was a second felony offender. Defendant stipulated to the allegations of the habitual offender bill of information. The trial court vacated defendant’s original sentence and, pursuant to La. R.S. 15:529.1, imposed an enhanced sentence of five years at hard labor, without benefit of probation or suspension of sentence, and $135.00 in restitution.
On August 11, 2010, defendant filed an Uniform Application for Post-Conviction Relief alleging ineffective assistance of counsel for counsel’s failure to file an appeal and requesting an out-of-time appeal, citing State v. Counterman, 475 So.2d 336 (La.1985). The trial court granted defendant’s motion for out-of-time appeal on September 2, 2010. This appeal follows.

DISCUSSION

Motion to Withdraw

Counsel for defendant has filed a brief averring that, after a conscientious and thorough review of the record, no non-frivolous issue exists to raise on appeal. Counsel for defendant further submits that there is no ruling of the trial court that arguably supports an appeal. Pursuant to this advisal, appellate counsel moves to withdraw from further representation of defendant.
In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),[1] the United States Supreme Court noted that, “if counsel finds [the] case to |4be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.” Anders v. California, 87 S.Ct. at 1400. The Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to *397 the jury for its consideration.” State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.[2] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. Id.
In this case, counsel filed a brief stating the procedural history of the case and a review of defendant’s guilty plea colloquies and sentencing transcripts. Counsel stated that “there were no motions or hearings held before defendant pled guilty as charged” and “no ruling of the trial court to be challenged.” Counsel further opined that a claim that defendant’s enhanced sentence was excessive would be frivolous for two reasons. First, defendant’s enhanced sentence, which was imposed in conformity with a plea agreement, was not subject to appeal under La.C.Cr.P. art. 881.2(A)(2). Second, defendant’s enhanced sentence of five years at hard labor without probation or suspension of sentence was well within the sentencing range proscribed by La. R.S. 15:529.1.
| ^Accordingly, following the procedures outlined in State v. Bradford, supra at 1110-1111, this Court conducted an independent review of the pleadings, minute entries, the bill of information, and transcripts in the appeal record. Upon review, we find that the record discloses no non-frivolous issues and no rulings that would arguably support an appeal.
In this case, appellant was arrested for illegal possession of stolen things, a violation of La. R.S. 14:69 on February 18, 2010.[3] Meanwhile, the State instituted prosecution by filing a bill of information signed by the district attorney in the court having jurisdiction over the offense on April 9, 2010. See, La.C.Cr.P. art. 384.
Our review does reveal that, although appellate counsel contends that no motions were filed, the record reflects that defendant filed a motion for preliminary examination on March 16, 2010, which was continued without date on April 12, 2010. Indeed, our review of the record further reveals no minute entry reflecting that the motion was taken up by the trial court or that defense counsel raised the issue of the outstanding motion prior to defendant’s tender of his guilty plea. However, it is well-settled that a plea of guilty waives all defects prior to that plea except those jurisdictional defects, which appear on the face of the pleadings and proceedings. La. Const. Art. I, § 19; State v. Bell, 332 So.2d 222, 223 (La.1976); State v. Spain, *398 329 So.2d 178 (La.1976); State v. Coats, 260 La. 64, 255 So.2d 75 (1971); State v. Augustine, 08-71 (La.App. 5 Cir. 5/27/08), 987 So.2d 271, 276. As any 1nerror in the trial court’s ruling on defendant’s motion for preliminary examination is a non-jurisdictional defect, that error, if any, was waived.[4]
Defendant was present and represented by counsel at arraignment, during his guilty plea proceedings, and at sentencing. See, La.C.Cr.P. arts. 831 and 835. Further, our review of the record shows that, during the guilty plea colloquy on the underlying offense, the trial judge properly advised defendant of the right to a jury trial, the right of confrontation, and the privilege against self-incrimination, as required by Boykin,[5] The trial judge also explained to defendant the offense with which he was charged, the sentencing range for that offense, and the sentence he would receive in accordance with the plea agreement. Defendant acknowledged that he understood his rights, and that he wished to waive them and enter a guilty plea. Additionally, defendant, his attorney, and the trial judge properly executed a guilty plea form that enumerated defendant’s rights, detailed the sentencing range for the charged offense, and stated the five-year sentence that defendant would receive under the plea agreement.
Further, the record also shows that defendant was aware that he was admitting that he was second felony offender as alleged in the habitual offender bill of information. Defendant agreed during the colloquy stipulating that he was a second felony offender that he understood that he was waiving his rights. Defendant was advised that he faced a possible sentencing range of five to twenty years in the Department of Corrections as a second felony offender but that, |7pursuant to the plea agreement, he would receive a sentence of five years and be ordered to pay $135.00 in restitution.
Furthermore, defendant was advised in writing of his right to plead not guilty; his right to a have a hearing and force the District Attorney to prove (a) that defendant is same individual who has the prior felony record; (b) that the time period between the completion of the sentence for the prior felony and the date of the crime for which defendant had now been convicted is ten years or less; and (c) that if any prior conviction was the result of a guilty plea, that defendant was properly advised of his right to a trial by jury, his right to cross-examine the State’s witnesses, and his right to remain silent at trial and not have his silence held against him or considered as evidence of his guilt; and his right to remain silent at the hearing and not have his silence held against him. Again, pursuant to a properly-executed waiver of rights form, defendant agreed that his lawyer and the trial judge had explained his rights and the consequences of waiving these rights by pleading guilty. Upon review, we cannot say that there exists a non-frivolous issue with respect to defendant’s underlying guilty plea or habitual offender stipulation.
Finally, defendant’s sentence was imposed in conformity with a plea agree- *399 raent. It is clear that a defendant cannot seek review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2(A)(2); State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, because defendant’s plea agreements were set forth in the record at the time of his plea, he is statutorily precluded from review.
Nonetheless, our review reveals that defendant’s sentence on his underlying offense was within the limits authorized by the version of La. R.S. 14:69(B)(1) in | ^effect at the time of the commission of his offense.[6] His enhanced sentence was also within the statutory range set forth in La. R.S. 15:529.1 when read in conjunction with La. R.S. 14:69.[7]
Therefore, we find that counsel conducted a detailed and thorough review of the record and adequately complied with An-ders and State v. Jyles, by setting forth in the appellate brief “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (quoting State v. Mouton, 95-0981, p. 2 (La.4/28/95), 653 So.2d 1176, 1177). The record evidences that defendant has received diligent advocacy from appellate counsel.

Assignment of Error

As the sole assignment of error, appellate counsel requests a review of the record for patent errors. Additionally, we note that appellate counsel has notified the defendant of her motion to withdraw and has advised defendant by certified letter of his right to file a pro se brief in this appeal. This Court also advised defendant by certified mail that his appointed attorney had filed an Anders brief on his behalf and that he had until February 2, 2011, to file a pro se supplemental brief. As of October 6, 2011, when this case was submitted for decision, defendant has not filed a supplemental brief with this Court.[8]
Because defendant has not filed a separate pro se brief raising further issues, this Court’s review is limited to errors on the face of the record. La.C.Cr.P. art. 920. In this case, the sentencing transcript for defendant’s underlying offense |9reflects that defendant received an incomplete ad-visal regarding the prescriptive period for filing for post-conviction relief. At the time of sentencing on defendant’s underlying felony, the trial judge informed defendant, “[y]ou have two years from today’s date to seek post-conviction relief.”
We point out that this advisal would be harmless error if the correct prescriptive period was listed in the written waiver of rights form executed by defendant, his lawyer, and the trial judge during her acceptance of defendant’s guilty plea. See, La. C.Cr.P. art. 930.8(C)(“At the time of *400 sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights form.”)
Further, defendant was not advised after his enhanced sentence was imposed of the prescriptive period for post-conviction relief, either verbally or in writing. Accordingly, we correct that omission through this opinion by informing defendant that, pursuant to La.C.Cr.P. art. 930.8, an application for post-conviction relief, including an application for an out-of-time appeal, shall not be considered, except in limited instances, if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La.C.Cr.P. art. 914 or 922. State v. Hill, 09-89, p. 7 (La.App. 5 Cir. 5/26/09), 15 So.3d 1042, 1046.

Conclusion

For the foregoing reasons, defendant’s conviction and enhanced sentence are affirmed. Lastly, we grant appellate counsel’s motion to withdraw.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. The procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in Bradford, supra.

. The law in effect at the time of the commission of the offense is determinative of the penalty, which the convicted accused must suffer. State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518; State v. Johnson, 08-1156 (La.App. 5 Cir. 4/28/09), 9 So.3d 1084, 1094. On the date of the underlying offense, La. R.S. 14:69(B)(1), which was amended effective August 15, 2010 by Acts 2010, No. 585, § 1, read in pertinent part, "Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.”

. No preliminary examination shall be held invalid because of an error that does not substantially prejudice the defendant. La. C.Cr.P. Art. 298. At that early stage of a case, a finding that the State lacks probable cause entitles a defendant only to release from custody or bail and does not prevent the State from proceeding against him. La.C.Cr.P. Art. 296. Thus, absent a demonstration of prejudice, any issue concerning probable cause is moot after conviction. State v. Washington, 363 So.2d 509 (La.1978).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274(1969).

. Under the version of La. R.S. 14:69 in effect on the date of the commission of the underlying offense, defendant’s sentencing range was up to 10 years with or without hard labor and/or a fine of $3,000.00.

. With the underlying felony conviction for La. R.S. 14:69(B)(1), defendant’s enhanced sentencing range as a second felony offender under 15:529.1(A)(1) was from 5 to 20 years without parole or suspension of sentence.

.The State, however, filed its brief, noting that the appellant's counsel’s brief shows a complete and thorough recitation of the procedural history of the case. The State contends that counsel has "cast an advocate’s eye” over the record and determined that there were no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm defendant’s conviction and sentence.